UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JIMMY DALE MARTIN,<br><br>                     Plaintiff,<br><br>  v.<br><br>STATE OF IDAHO and OFFICER DOUG WILLIAMS,<br><br>                     Defendants. | Case No. 4:15-cv-00268-CWD<br><br>**INITIAL REVIEW ORDER** |

       The Clerk of Court conditionally filed Plaintiff Jimmy Dale Martin's Complaint as a result of his status as an inmate and his in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

## REVIEW OF COMPLAINT

### 1.     Factual Allegations

       Plaintiff is an inmate currently incarcerated at the Bannock County Jail. Plaintiff claims that Defendant Doug Williams—a police officer employed either by the Malad

**INITIAL REVIEW ORDER - 1**

City Police Department or by the Oneida County Sheriff's Office[1]—approached Plaintiff while he was walking down a street. (Compl., Dkt. 2, at 3.) Williams allegedly asked Plaintiff what he was doing, to which Plaintiff replied that he had been arguing with his wife, so he left the house and just started walking. Apparently because Plaintiff had dirt and grass stains on his pants, Williams implied that Plaintiff might know something about a stolen car that was abandoned the previous night approximately 12 miles from where Plaintiff was walking. (*Id.*) Plaintiff states that the dirt and grass stains were the result of Plaintiff's falling down because of his cerebral palsy, not as a result of abandoning a stolen car the night before.

Plaintiff alleges that Williams took Plaintiff in for questioning and told him that, if Plaintiff admitted stealing the car, Plaintiff would be charged only with joyriding. (*Id.*) Plaintiff said that he had not stolen the car and that he wanted an attorney. Williams left the room and came back ten minutes later, at which point Williams arrested Plaintiff on three felony charges—grand theft, burglary, and malicious injury to property. (*Id.* at 3, 5.) These criminal charges against Plaintiff were eventually dismissed without prejudice. (*Id.* at 5.)

Plaintiff now sues Officer Williams and the State of Idaho, claiming that Officer Williams engaged in illegal profiling and harassment, and that Williams defamed Plaintiff's character. (*Id.* at 3.)

---

[1] Plaintiff states that Williams is a Malad City police officer. However, the address Plaintiff provides for Defendant Williams is the Oneida County Sheriff's Office.

**INITIAL REVIEW ORDER - 2**

**2.      Standard of Law for Summary Dismissal**

The Court is required to review complaints filed in forma pauperis, or complaints filed by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. (Dkt. 2 at 2.) To state a valid claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by the conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**INITIAL REVIEW ORDER - 3**

### 3. Illegal Profiling and Harassment

It appears that Plaintiff's profiling and harassment allegations are intended to assert a claim for false arrest or false imprisonment. Such claims are analyzed under the Fourth Amendment. "The Fourth Amendment requires that arrest warrants 'be based upon probable cause, supported by Oath or affirmation.'" *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 117 (1975)). However, a warrant is not always required for an arrest. For example, a warrantless arrest in a public place—such as on a public street—is valid, so long as the arrest is supported by probable cause. *United States v. Johnson*, 626 F.2d 753, 756 (9th Cir. 1980). Probable cause exists where the "facts and circumstances [are] sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *Gerstein*, 420 U.S. at 111.

When a detention occurs as the result of a false arrest, a false imprisonment claim arises under the Fourteenth Amendment protection against deprivations of liberty without due process. *See Baker v. McCollan*, 443 U.S. 137, 142 (1979). Under § 1983, a plaintiff must meet the elements of common law false imprisonment[2] and must establish that the imprisonment resulted in a violation of due process rights under the Fourteenth Amendment. *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996). The plaintiff also needs to show that the persons detaining him were involved in or aware of the wrongful nature of the arrest. *Id.* at 1526-27.

---

[2] Under Idaho law, the elements of common law false imprisonment are (1) restraint of the physical liberty of another (2) without legal justification. *Clark v. Alloway*, 170 P.2d 425, 428 (Idaho 1946).

**INITIAL REVIEW ORDER - 4**

Plaintiff's Complaint, liberally construed, appears to state colorable false arrest and false imprisonment claims against Officer Williams. Assuming the truth of Plaintiff's allegations, Officer Williams arrested Plaintiff and charged him with three felonies, resulting in Plaintiff's detention, based on nothing more than grass stains and dirt on Plaintiff's pants. These allegations support a plausible inference that the arrest and detention were not supported by probable cause.

4.   **Defamation Claims**

Plaintiff may not proceed on his § 1983 claim that Officer Williams defamed his character because defamation does not give rise to § 1983 liability. *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976). However, it appears that Plaintiff has stated a plausible defamation claim under Idaho state law. *See Clark v. The Spokesman-Review*, 163 P.3d 216, 219 (Idaho 2007) ("In a defamation action, a plaintiff must prove that the defendant: (1) communicated information concerning the plaintiff to others; (2) that the information was defamatory; and (3) that the plaintiff was damaged because of the communication."). Therefore, the Court will exercise supplemental jurisdiction over Plaintiff's state-law defamation claim against Officer Williams. *See* 28 U.S.C. § 1367(c).

5.   **Claims against the State of Idaho**

The Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, only a "person" may be

**INITIAL REVIEW ORDER - 5**

sued pursuant to 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff may not proceed on any of his claims against the State of Idaho.

### REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff also seeks appointment of counsel. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*.

Plaintiff's Complaint, liberally construed, appears to state a claim upon which relief could be granted if the allegations are proven at trial. However, without more than the bare allegations of the Complaint, the court does not have a sufficient basis upon which to assess the merits, if any, at this point in the proceeding. The Court also finds that Plaintiff has articulated his claims sufficiently, and that the legal issues in this matter are not complex. Based on the foregoing, the Court will deny Plaintiff's request for

**INITIAL REVIEW ORDER - 6**

appointment of counsel. If it appears appropriate at a later date in this litigation, the Court will reconsider appointing counsel.

Plaintiff should be aware that a federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a Court "appoints" an attorney, it can do so only if the attorney voluntarily accepts the assignment. *Id.* The Court has no funds to pay for attorneys' fees in civil matters such as this one. Therefore, it is often difficult to find attorneys willing to work on a case without payment, especially in prisoner cases, where contact with the client is especially difficult. For these reasons, Plaintiff should attempt to procure his own counsel on a contingency or other basis, if at all possible.

## CONCLUSION

This Order does not guarantee that any of Plaintiff's claims will be successful; it merely finds that one or more is colorable, meaning that they will not be summarily dismissed at this stage. Defendants may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims. It is Plaintiff's burden to thoroughly set forth the legal and factual basis for each claim.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Request for Appointment of Counsel (contained in the Complaint) is DENIED.

**INITIAL REVIEW ORDER - 7**

2. Plaintiff may proceed on his Fourth Amendment false arrest and false imprisonment claims, as well as his state-law defamation claim, against Defendant Williams.

3. Defendant Williams shall be allowed to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court **within 30 days**. If Defendant Williams chooses to return the Waiver of Service of Summons, the answer or pre-answer motion shall be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court shall forward a copy of the Complaint (Dkt. 2), a copy of this Order, and a Waiver of Service of Summons to **Officer Doug Williams, 10 W. Court Street, Malad City, Idaho, 83252**. Copies of the same documents shall be sent to the **Oneida County Prosecuting Attorney, 30 N. 100 West, Malad City, Idaho, 83252**.

4. **Defendant Williams is advised that if he fails, without good cause, to waive service of summons, he may be responsible for the costs of formal service by the United States Marshals' Office**. *See* Fed. R. Civ. P. 4(d)(2).

5. The parties shall not engage in any discovery until an answer has been filed. Within 30 days after an answer has been filed, the parties shall provide each other with the following voluntary disclosures: all relevant information pertaining to the claims and defenses in this case, including the

**INITIAL REVIEW ORDER - 8**

names of individuals likely to have discoverable information, along with the subject of the information, as well as any relevant documents in their possession, in a redacted form if necessary for security or privilege purposes; and, if necessary, they shall provide a security/privilege log sufficiently describing any undisclosed relevant documents which are alleged to be subject to nondisclosure. Any party may request that the Court conduct an in camera review of withheld documents or information.

6. If, instead of filing an answer, Defendant files a motion to dismiss under Federal Rule of Civil Procedure 12(b), then disclosures and discovery shall be automatically stayed pending resolution of the motion. **Submission of a motion for summary judgment addressing procedural issues does not foreclose any party from later filing a motion for summary judgment on the merits.**

7. Each party shall ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

8. The Court will not consider *ex parte* requests unless a motion may be heard *ex parte* according to the rules and the motion is clearly identified as

**INITIAL REVIEW ORDER - 9**

requesting an *ex parte* order, pursuant to Local Rules of Civil Practice before the United States District Court for the District of Idaho 7.2. ("*Ex parte*" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

9. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

10. Discovery shall not be filed with the Clerk of Court, but shall be exchanged between parties, only, as provided for in the Federal Rules of Civil Procedure. Motions to compel discovery shall not be filed unless the parties have first attempted to work out their disagreements between themselves.

11. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter then pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

12. Plaintiff shall notify the Court immediately if Plaintiff's address changes.

**INITIAL REVIEW ORDER - 10**

Failure to do so may be cause for dismissal of this case without further notice.

DATED: **September 17, 2015**

Honorable Candy W. Dale
United States Magistrate Judge

**INITIAL REVIEW ORDER - 11**