UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JIMMY DALE MARTIN,<br><br>                    Plaintiff,<br><br>v.<br><br>STATE OF IDAHO, and OFFICER DOUG WILLIAMS,<br><br>                    Defendants. | Case No. 4:15-cv-00268-CWD<br><br>**MEMORANDUM DECISION AND ORDER RE: MOTION FOR SUMMARY JUDGMENT (DKT. 18)** |

**INTRODUCTION**

Plaintiff Jimmy Dale Martin, an inmate in the custody of the Idaho Department of Correction, is proceeding pro se in this civil rights action against one of the Oneida County Sheriff's deputies, Sergeant Doug Williams. Pending before the Court is Sgt. Williams's Motion for Summary Judgment (Dkt. 18), seeking judgment as a matter of law on all claims asserted by Martin. All parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. 14.)

In the interest of avoiding delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, the pending motion will be decided on the record. For the reasons that follow, the Court concludes there is no

**MEMORANDUM DECISION AND ORDER—1**

genuine dispute as to any material fact and that Sgt. Williams is entitled to judgment as a matter of law.

## FACTUAL BACKGROUND[1]

At 2:55 a.m. on November 6, 2014, Sgt. Williams, received a telephone call from Justin Schwartz, another deputy with the Oneida County Sheriff's Office, who reported he had located a stolen 2010 GMC Acadia parked off the road on 100 West near Old Highway 191 in Oneida County. Aff. Williams, ¶ 3-4 (Dkt. 18-3 at 1-2). Deputy Schwartz reported the vehicle's passenger tire was shredded and looked like it had been driven on the rim. *Id.* Deputy Schwartz indicated also that a black Motorola handheld radio was found inside the vehicle and he confirmed with the owners of the vehicle that the Motorola device did not belong to them. *Id.*

Later the same morning at 7:50 a.m., Oneida County dispatch received a telephone call from someone identifying himself as "Daly." *Id.* at ¶ 5 (Dkt. 18-3 at 2). Daly asked if the Sheriff's Office had arrested Jimmy Dale Martin the previous night. At 8:30 a.m., dispatch received a call reporting a suspicious male walking on Old highway 191 near Canyon County Road. *Id.* Sgt. Williams responded to the location, identified Martin, and began to question him. *Id.* at ¶ 6 (Dkt. 18-3 at 2). When Sgt. Williams asked where Martin was headed, Martin stated he and his girlfriend had been in a fight, and she had "kicked him out of the vehicle" a few hours ago. *Id.* at ¶ 7 (Dkt. 18-3 at 2). Sgt. Williams

---

[1] Martin did not file a response contesting Williams's motion for summary judgment, although Martin was provided with notice from the Court regarding the summary judgment rule requirements on March 4, 2016. (Dkt. 19.) Because Martin failed to file any opposition to the motion or any statement of disputed facts, the Court considers the facts set forth by Williams undisputed for purposes of this motion. Fed. R. Civ. P. 56(e)(2).

**MEMORANDUM DECISION AND ORDER—2**

informed Martin a vehicle theft had occurred earlier in the morning and the vehicle was abandoned near their current location. *Id.* at ¶ 8 (Dkt. 18-3 at 2-3). In response, Martin put his head down and stated "yeah." *Id.*

After asking Martin a few other questions, Sgt. Williams returned to his patrol vehicle and placed a telephone call to Oneida County Sheriff Semrad to provide him with an update. In the meantime, Sheriff Semrad had been informed of the investigation and had made a telephone call to Martin's girlfriend, Lisa Nicholas. *Id.* at ¶ 9 (Dkt. 18-3 at 3). Nicholas reported to Sheriff Semrad that she had dropped Martin off in Malad, Idaho the night before. Nicholas confirmed Martin had a small black radio with a flashlight attachment on his person when she dropped Martin off. *Id.* Sheriff Semrad informed Sgt. Williams of these details during their telephone call. *Id.* After the call, Sgt. Williams arrested Martin for the theft of the GMA Acadia and malicious injury to property. *Id.* at ¶ 10 (Dkt. 18-3 at 3). Sgt. Williams read Martin his Miranda rights, placed him handcuffs, and transported Martin to the Oneida County Sheriff's Office. *Id.*

Sgt. Williams interviewed Nicholas after Martin's arrest. *Id.* at ¶ 11 (Dkt. 18-3 at 3). During the interview, Nicholas reported she had kicked Martin out of her vehicle at about 6:00 a.m. on November 6, 2014. *Id.* She reported she called a bail bondsman named Daly, although she could not recall the time she made the call. *Id.* During the interview, Sgt. Williams showed Nicholas a picture of the Motorola handheld radio found in the GMC Acadia. *Id.* at ¶ 12 (Dkt. 18-3 at 3-4). Nicholas denied that Martin's radio had a flashlight attachment. *Id.* Sgt. Williams asked Nicholas if she had Martin's radio so

**MEMORANDUM DECISION AND ORDER—3**

he could see what is looked like, and she responded: "No, I must have kicked it out of my truck or under the seat or something." *Id.*

## PROCEDURAL BACKGROUND

On June 13, 2015, due to his prisoner status, the Clerk of the Court conditionally filed Martin's civil rights complaint. (Dkt. 3.) In the Complaint, Martin alleges Sgt. Williams and the State of Idaho engaged in illegal profiling and harassment, and that Sgt. Williams defamed Martin's character. (Dkt. 2.) The Court's September 17, 2015 Initial Review Order permitted Martin to proceed on Fourth Amendment false arrest and false imprisonment claims pursuant to 42 U.S.C. § 1983, and on his state law defamation claim against Sgt. Williams. (Dkt. 9.) The Court did not permit Martin to proceed on his claims against the State of Idaho. On March 3, 2016, Sgt. Williams filed a motion for summary judgment, seeking judgment as a matter of law on all of Martin's claims. (Dkt. 18.)

## STANDARD OF LAW

Federal Rule of Civil Procedure 56 directs the Court to "grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of summary judgment "is to isolate and dispose of factually unsupported claims…." *Celotex Corp v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is the "principal tool[] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327.

**MEMORANDUM DECISION AND ORDER—4**

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex*, 477 U.S. at 323). "Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial." *Id.* "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for the purposes of the motion." Fed. R. Civ. P. 56(e)(2).

## DISCUSSION

Sgt. Williams's motion for summary judgment seeks to dismiss Martin's Fourth Amendment and state law defamation claims. Sgt. Williams contends he is entitled to qualified immunity on Martin's Fourth Amendment claims, and asserts the defamation claim should be dismissed because Martin failed to file a bond as required by law, or alternatively, because no genuine issue of fact exists to establish Sgt. Williams defamed Martin. The Court will address the Fourth Amendment claims before addressing the state law defamation claim.

### I. Fourth Amendment Claims

Martin alleges Fourth Amendment false arrest and false imprisonment claims pursuant to 42 U.S.C. § 1983. In his motion for summary judgment, Sgt. Williams challenges each claim and contends no constitutional violation occurred because he had probable cause to arrest Martin, or he is otherwise shielded from liability by the doctrine of qualified immunity.

**MEMORANDUM DECISION AND ORDER—5**

**A. Section 1983 and Qualified Immunity**

To state a valid claim under Section 1983, a plaintiff must allege that a person acting under color of state law violated his rights protected by the Constitution or created by a federal statute. *Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir.1991). In Section 1983 actions, the doctrine of qualified immunity protects state officials from personal liability for on-the-job conduct so long as the conduct is objectively reasonable and does not violate clearly-established federal rights. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).

To determine whether an officer is entitled to qualified immunity, the Court analyzes: (1) whether the facts alleged by plaintiff establish a violation of a constitutional right, and (2) whether that right was clearly established given the state of the law at the time of the alleged misconduct. *Pearson v. Callahan,* 555 U.S. 223, 232 (2009) (citing *Saucier v. Katz,* 533 U.S. 194, 201, 121 (2001)). Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* at 236.

As to the first prong, the Court considers whether, "[t]aken in the light most favorable to the party asserting the injury . . . the facts alleged show the [defendant's] conduct violated a constitutional right[.]" *Saucier,* 533 U.S. at 201.

As to the second prong—whether the law was clearly established—such inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier,* 533 U.S. at 201. The Court must consider the "objective legal reasonableness of the action, assessed in light of the legal rules that were clearly

**MEMORANDUM DECISION AND ORDER—6**

established at the time it was taken." *Pearson,* 555 U.S. at 244 (quoting *Wilson v. Layne,* 526 U.S. 603, 614 (1999)). If the public official can demonstrate she did not know, nor should she have known, the relevant legal standard, then qualified immunity applies. *Harlow,* 457 U.S. at 819. Plaintiff bears the burden of establishing the rights violated were "clearly established." *Houghton v. South,* 965 F.2d 1532, 1534 (9th Cir.1992).

### B. Section 1983 False Arrest and False Imprisonment Claims

Martin's false arrest and false imprisonment claims stem from Martin's allegation that Sgt. Williams violated his Fourth Amendment constitutional right to be free from unlawful arrest. Sgt. Williams asserts he had probable cause to arrest Martin, and is, entitled to qualified immunity because Williams' conduct did not violate Martin's constitutional right. For the following reasons, the Court concludes there is no genuine issue of material fact regarding whether Sgt. Williams had probable cause to arrest Martin.

False arrest claims are analyzed under the Fourth Amendment. A warrantless arrest is constitutional if, "at the moment the arrest was made, the officer had probable cause to make it." *Beck v. State of Ohio*, 379 U.S. 89, 91 (1964). "[P]robable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would 'warrant a man of reasonable cause in the belief,' that certain items may be contraband…it does not demand any showing that such a belief be correct or more likely true than false." *Texas v. Brown*, 460 U.S. 730, 742 (1983) (quoting *Carroll v. United States*, 267 U.S. 132, 162 (1925)). "A practical, nontechnical probability that incriminating evidence is involved is all that is required." *Id.* (internal quotations

**MEMORANDUM DECISION AND ORDER—7**

omitted). "Probable cause to arrest or detain is an absolute defense to any claim under §
1983 against officers for wrongful arrest or false imprisonment, as the lack of probable
cause is a necessary element of each." *Lacy v. Cnty of Maricopa*, 631 F. Supp. 2d 1183,
1193 (D. Ariz. 2008).

When a detention occurs as the result of a false arrest, a false imprisonment claim
arises under the Fourteenth Amendment protection against deprivations of liberty without
due process. *See Baker v. McCollan*, 443 U.S. 137, 142 (1979). Under Section 1983, a
plaintiff must meet the elements of common law false imprisonment[2] and establish that
the imprisonment resulted in a violation of due process rights under the Fourteenth
Amendment. *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996). The plaintiff also
must show that the persons detaining him were involved in or aware of the wrongful
nature of the arrest. *Id*. at 1526-27.

The following facts are undisputed: (1) Sgt. Williams knew a 2010 GMC Acadia
had been taken without permission from the possession of its owners; (2) he knew the
vehicle was abandoned along Old Highway 191 with a shredded front tire; (3) Sgt.
Williams knew a black handheld Motorola radio was found in the GMC Acadia; (4) Sgt.
Williams knew someone reported an unidentified male walking along Old Highway 191
not too far from where the vehicle was abandoned; (5) Sgt. Williams responded to the
report, and identified Martin; (6) when Sgt. Williams informed Martin a vehicle theft
occurred earlier in the morning near their current location, Martin put his head down and

---

[2] The elements of common law false imprisonment in Idaho are (1) restraint of the physical liberty of
another (2) without legal justification. *Clark v. Alloway*, 170 P.2d 425, 428 (Idaho 1946).

**MEMORANDUM DECISION AND ORDER—8**

responded, "yeah;" (7) Sgt. Williams returned to his patrol car and placed a phone call to Sheriff Semrad, who by others, informed Sgt. Williams he made a telephone call to Martin's girlfriend, Lisa Nicholas, and that Nicholas stated she had dropped Martin off in Malad the night before; (8) Sheriff Semrad informed Sgt. Williams that Nicholas confirmed Martin was in possession of a black radio when she dropped him off; and (9) after being informed of this information, Sgt. Williams arrested Martin for the crimes of theft and malicious injury to property.

The undisputed facts support Sgt. Williams had probable cause to believe that Martin stole the GMC Acadia and drove the vehicle on shredded tires before abandoning the vehicle, and thus, committed the crimes of theft and malicious injury to property. Because the Court finds no disputed facts upon which a jury could reasonably find Sgt. Williams lacked probable cause to arrest Martin, Martin's claims for false arrest and false imprisonment fail. S*ee Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) ("To prevail on his § 1983 claim for false arrest and imprisonment, [plaintiff] would have to demonstrate that there was no probable cause to arrest him."). Martin has failed to establish a constitutional violation, and thus, he cannot succeed on his Section 1983 claims. Therefore, the Court need not address the qualified immunity defense raised by Sgt. Williams.

**MEMORANDUM DECISION AND ORDER—9**

**II. State Law Defamation Claim**

Martin alleges generally in his Complaint, that sometime during and after his arrest, Sgt. Williams defamed Martin's character.[3] Sgt. Williams contends Martin's defamation claim is barred as a matter of law, because Martin failed to file a bond pursuant to Idaho Code § 6-610. Alternatively, Sgt. Williams contends Martin's claim fails because Sgt. Williams did not communicate any information about Martin to any third party outside the course and scope of his employment. The Court will discuss each argument in turn.

First, Sgt. Williams's argument that Martin failed to post bond as required by Idaho Code § 6-610 is an argument for dismissal that has been rejected since 2005. In *Pugsley v. Cole,* 2005 WL 1513112 (D. Idaho June 27, 2005), United States Magistrate Judge Larry M. Boyle held that an indigent prisoner's state law claims will not be barred for failure to post the requisite bond. *Id.* at *7. This holding later was found persuasive and adopted by the Idaho Court of Appeals. *See Hyde v. Fisher,* 152 P.3d 653, 656; *see also Beehler v. Fremont County,* 182 P.3d 713, 717 (Idaho Ct. App. 2008). Accordingly, the Court will not grant dismissal on this ground.

Sgt. Williams alternatively argues that no genuine issues of material fact exist as to whether Sgt. Williams made defamatory statements about Martin to a third party. A claim for defamation requires the plaintiff to prove that the defendant: "(1) communicated information concerning the plaintiff to others; (2) that the information was

---

[3] The facts in the Complaint (Dkt. 2) do not specially articulate any alleged untrue or defamatory communications made by Williams.

**MEMORANDUM DECISION AND ORDER—10**

defamatory; and (3) that the plaintiff was damaged because of the communication." *Hopper v. Swinnerton*, 811, 317 P.3d 698, 708 (Idaho 2013) (internal quotations omitted).

Sgt. Williams testified in his sworn affidavit that, outside the requirements of the course and scope of his employment, he did not speak to anyone about the charges against Martin. Aff. Williams, ¶ 15 (Dkt. 18-3 at 4). Sgt. Williams alleges he spoke to Sheriff Semrad and Deputy Schwartz about the case, and spoke to the prosecuting attorney to communicate facts about the underlying criminal charges. *Id.* Sgt. Williams contends all of the information he conveyed to these individuals was truthful and was not defamatory to Martin. *Id.*

In consideration of the above, the Court finds no genuine issue of material fact exists to establish Sgt. Williams communicated defamatory statements to a third party regarding Martin. *See Kerr v. Bank of Am., Idaho, N.A.*, No. 37754, 2011 WL 11047661, at *13 (Idaho Ct. App. Nov. 22, 2011) (finding that statements made to other employees within the scope of their employment are not "communication to others." ) Accordingly, the Court will grant summary judgment on Martin's defamation claim.

## CONCLUSION

No genuine issues of material fact remain upon which a reasonable jury could conclude that Sgt. Williams lacked probable cause to arrest Martin for the crimes of arrest and malicious injury to property; accordingly, the Court will grant Sgt. William's motion for summary judgment on Martin's Fourth and Fourteenth Amendment causes of action brought pursuant to Section 1983. In addition, the Court finds no genuine issues of material fact remain upon which a reasonable jury could conclude that Sgt. Williams

**MEMORANDUM DECISION AND ORDER—11**

defamed Martin, and thus, will grant summary judgment in favor of Sgt. Williams on this claim as well.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendant's Motion for Summary Judgment (Dkt. 18) is **GRANTED**, and all claims in Plaintiff's Complaint are hereby **DISMISSED with prejudice**.

Dated: October 31, 2016

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER—12**